**LORETI et, Appropriation of Property, In re.**

Ohio Appeals, Tenth District, Franklin County.

Nos. 6210, 6211.   Decided August 4, 1959.

Russell Leach, City Atty., Mark McElroy, Atty. Genl., William D. Henry, Special Counsel for Atty. Genl., Columbus, for plaintiff-appellee.

Buchanan, Peltier & Fuller, Otis C. Buchanan, of Counsel, Columbus, for defendant-appellant.

**OPINION**

By BRYANT, PJ.

The matter up for consideration at this time arises from a motion to consolidate the appeals in the two cases above described. We are advised that separate parcels of real estate were involved in the two cases and this may be the reason that they were given separate case numbers in the court below. The fact that they are sought for the same improvement or project or that they involve similar questions of law is not sufficient to warrant a consolidation of the appeals, for the injudicious uniting of causes on appeal may give rise to more problems and work instead of bringing about a reduction.

The motion to consolidate the causes on appeal is not well taken and will be overruled, but as it affects briefing and argument will be sustained.

DUFFY, J, concurs.
MILLER, J, not participating.

LORETI et, Appropriation of Property, In re.

Nos. 6210, 6211.   Decided November 10, 1959.

(McLAUGHLIN, J, of the Fifth District, sitting by designation in the Tenth District.)

## OPINION
By McLAUGHLIN, J.

Two condemnation cases were filed by the Director of Highways appropriating two parcels of land on West Goodale Street,, in Columbus, both parcels belonging to the heirs of one Alfred Loreti. Service was attempted in the usual manner on the various heirs as provided by §§5519.01 and 5519.02 R. C. Within ten days, appeals were filed by all the heirs except Louis George Loreti and Albert Loreti. These appeals were filed by John Summers, Esq., a reputable attorney at law, who believed he represented all of the heirs. At the time of filing the appeals, Mr. Summers notified the appropriating agency that Louis George Loreti and Albert Loreti had not been served but were willing to waive service.

Settlements were negotiated and effected by journal entries filed February 4 and February 14, 1959, respectively. In these entries the court found that Louis George Loreti and Albert Loreti had waived service of summons and had agreed to the jurisdiction of the court. Both of these two named heirs signed the entires of distribution in one case and they accepted from Mr. Summers their share of the proceeds, less a fee for Mr. Summers' services, in the other case.

Some months later, to-wit, in September, 1957, attorney Otis C. Buchanan, purporting to represent again all of the heirs defendants in both cases, filed a motion for a jury trial. The court promptly overruled said motion from which ruling in both cases these two appeals are taken.

Although this court has not consolidated the appeals, the same question is involved in both cases and this ruling will apply to each of them.

The one assignment of error in both cases is that the Court of Common Pleas erred in overruling defendant's motion for a jury trial. It is the contention of the appellant that service cannot be waived by defendants in an appropriation case. We hold that service can be waived,

543

especially where it is followed by an acceptance of a settlement negotiated and made in which settlement all of the heirs were treated alike and all received the same benefit and all approved the settlement made as evidenced by their acceptance of their distributive share in the compensation fund.

In our opinion, motion for a jury trial long after a regular and orderly settlement has been effected and approved is entirely out of order, superfluous and improper.

Furthermore, motion for a jury trial under the circumstances, as shown by the transcripts in these two appeals, is inconsistent with the claim of appellant that court lacked jurisdiction because of defective service. In our opinion, in order for the Court of Common Pleas to properly consider a motion for a jury trial, it would first be necessary for the appellants to file a petition to vacate the judgments rendered by the court when it approved the settlements and ordered the distribution.

The judgment of the trial court in both of these appeals is affirmed.

BRYANT, PJ, DUFFY, J, concur.